IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| CHARTER SERVICES, INC. et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 09-0281-KD-N |
| D.L. Air, L.L.C., et al., | ) ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is before the Court on the following: defendant Richard Blossman's motion to dismiss and brief in support (docs. 8, 9); defendants, Central Progressive Bank ("CPB") and Blossman Bancshares' motion to dismiss, or in the alternative, motion for summary judgment and brief in support (docs. 10, 11); plaintiffs' response in opposition to Blossman's motion (doc. 17); plaintiff's response in opposition to CPB and Blossman Bancshares' motion (doc.18); defendant Blossman's reply thereto (doc. 19) and defendants' CPB and Blossman Bancshares' reply (doc. 20). These motions have been fully briefed and have been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. §636 and Local Rule 72.2. Upon consideration, and for the reasons set out herein below, it is the recommendation of the undersigned that the defendants' motion to dismiss the complaint be DENIED.

Background[1]

This case arises from an aircraft lease, and the lessor's alleged failure to comply with the payment terms.  Defendant Blossman's Motion to Dismiss asserts that plaintiffs fail to state a claim against him for breach of contract because he was not a party to the lease, but merely signed on behalf of defendant, D.L. Air, L.L.C.  Defendant misconstrues the breach of guarantee claim, arguing the same grounds rather than addressing plaintiffs' claim that Blossman made separate representations following that breach of contract.  Defendant makes no mention in its motion of the promissory fraud claim, which also arises from Blossman's alleged post-breach promises.

The Motion to Dismiss filed by defendants CPB and Blossman Bancshares similarly argues that, because neither defendant was a signatory to the lease agreement, they can not be held liable; thus, they argue, plaintiffs have failed to state a claim for breach of contract.  The defendants also assert that plaintiffs' complaint should be dismissed because it fails to state a claim for piercing the corporate veil or alter-ego liability because neither of these entities owns D.L. Air, L.L.C.

---

[1] The original civil action entitled "*Charter Services, Inc. and Mobile Fractional Leasing, LLC v. D.L. Air, LLC; Central Progressive Bank; and Richard Blossman*", Case Number CV-08-901566, was filed in the Circuit Court of Mobile County, Alabama on October 2, 2008, and removed to this Court on November 7, 2008.  On March 5, 2009, United States District Judge Kristi K. DuBose issued an Order remanding the case to state court citing a failure of the removing Defendants to prove there was complete diversity of the parties for purposes of federal jurisdiction as the citizenship of all members of Mobile Fractional Leasing, LLC and DL Air, LLC were not presented to the Court.  The case was again removed to this court on May 20, 2009.

Facts[2]

Defendant Blossman is alleged to own and control all of the defendant business entities. On September 23, 2006, D.L. Air, L.L.C., through defendant Blossman, executed an aircraft lease agreement and aircraft management agreement. The lease was for 100 hours over the span of a year, an average of 8.33 hours per month. The parties entered into a renewal lease on June 28, 2007, for an additional one-year term. After the first two months of the renewal period,[3] plaintiffs received no further payments. They contacted defendant Blossman, who allegedly stated that the difficulty was that CPB was being audited at that time, but promised that, if plaintiffs would wait until the audit was completed, they would catch up the past-due lease payments and continue the lease. Despite these alleged representations, no such further payments were made to plaintiffs.

Analysis[4]

Defendants, CPB and Blossman Bancshares have filed a motion to dismiss or in the alternative, motion for summary judgment. Plaintiffs object to the treatment of the motion as

---

[2] The statement of facts is drawn primarily from the allegations of the Amended Complaint. Both the factual and procedural background are set forth adequately in the pleadings; the undersigned recounts only those matters which are of particular relevance to the issues presented.

[3] It is not clear which of the defendants paid plaintiff during those two months of the renewal except that at no time did the payments come directly from D.L. Air. Because the court addresses the matter under the 12(b)(6) standard, addressed below, it does not address the allegations contained in the affidavit submitted by defendant with the alternate Motion for Summary Judgment.

[4] The court notes that while Mobile Fractional Leasing, L.L.C. ("MFL") is included in the style of the case as a party plaintiff, neither of the responses in opposition to defendants' respective motions for summary judgment appear to have been submitted on behalf of MFL.

one for summary judgment, in effect making a motion pursuant to Fed. R. Civ. P. 56(f).[5]  Thus, as a threshold matter, the court must determine the proper procedural posture under which to consider the motion.

> As a general rule, the district court must 'limit[ ] its consideration to the pleadings and exhibits attached thereto' when deciding a Rule 12(b)(6) motion to dismiss. . . If the parties present evidence outside of the pleadings, **and the district court considers that evidence**, then the motion to dismiss is converted into a motion for summary judgment.

Lewis v. Asplundh Tree Expert Co., 305 Fed. Appx. 623, 627 (11th Cir. 2008) (citations omitted; emphasis added).

Defendant has presented two exhibits in connection with its Motion to Dismiss: two discovery answers, filed in the Circuit Court of Mobile County, which state the citizenship of plaintiff Mobile Fractional Leasing, L.L.C..  These exhibits were the basis of the current Notice of Removal; jurisdiction does not appear to be in controversy and is not presented in the current motions.  There is no reason for the court to consider this evidence in deciding the instant motion to dismiss, and these exhibits would not support any issues presented should the court convert the motion to dismiss to one for summary judgment.

---

[5]  Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

> If a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f).  Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact.  Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir.1998).

The undersigned RECOMMENDS that the court decline to convert the motion to dismiss filed by defendants CPB and Blossman Bancshares into a motion for summary judgment. The Eleventh Circuit has opined that "[a]s a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir.1989); *see also* Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir.1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir.1988) ("The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits.") Moreover, as discovery has not yet occurred, it would be premature to address the motion as one for summary judgment at this stage of the proceedings.

*Motion to Dismiss Standard*

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to

> "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555.  The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  The Supreme Court recently reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009).  The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'."  Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557.  *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8.  *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553, n. 8.  The Supreme Court's Twombly formulation of the pleading standard "'does not impose a probability requirement at

6

the pleading stage,'" but instead "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element."  Id., *quoting* Phillips, 515 F.3d at 234, *in turn quoting*, Twombly, 550 U.S. at 556.

The amended complaint alleges, in sum, that defendants D.L. Air, Central Progressive Bank and Richard Blossman breached their aircraft lease agreement and aircraft management agreement (Count One); that defendant Blossman is individually liable by virtue of his guarantee for damages allegedly caused by defendants (Count Two); that defendants have "overextended their corporate privileges and used the corporate entities to defeat justice, perpetrate a fraud and to avoid contractual responsibility" justifying a piercing of the corporate veil (Count Three); that defendant D.L. Air is the alter ego of Blossman and Central Progressive Bank (Count Four) and that Blossman made misrepresentations to plaintiffs on behalf of himself, DL Air, Blossman Bancshares and/or Central Progressive that they needed more time to bring the account current, with the intent to deceive plaintiffs and with no intention of performing (Count Five).  (Doc. 1, Exhibit 4)  As set out herein, the undersigned finds that plaintiffs' complaint meets the Iqbal directive that it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See* Iqbal, 129 S.Ct. at 1949 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

*Piercing the Corporate Veil*

Prior to the breach of the lease agreement, all lease payments had been made by either CPB or Blossman Bancshares, despite the fact that, as defendants point out in their respective motions to dismiss, neither entity was a party to the contract.  Indeed, technically speaking,

CPB's audit would not have altered D.L. Air's ability to make lease payments but for the involvement of defendant Blossman's other corporate entities. Rather, the alleged course of dealings between the parties was that one of Blossman's other companies would make the payments on the lease. The court finds that plaintiff has alleged adequate facts to state a claim for piercing the corporate veil and disregarding the corporate entities due to Blossman's treatment of the entities as his alter-ego.[6]

*Breach of Contract*

Having established that plaintiff's corporate disregard claims are sufficient to avoid dismissal, defendants' other arguments are readily addressed. As the U.S. Supreme Court has stated " 'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel, ... .' " Arthur Andersen LLP v. Carlisle, — U.S. —, 129 S.Ct. 1896, 1902 (2009) (*quoting* 21 R. Lord, Williston on Contracts § 57:19, p. 183 (4th ed.2001)) (reversing ruling that non-party could not enforce arbitration clause). Thus, on the basis of plaintiffs' claims that all of the defendants are, in effect, a single entity, plaintiffs state a claim against each of them for breach of contract.

*Count Two - Breach of Guaranty*

With regard to defendant Blossman's arguments for dismissal of the claims of breach of

---

[6] Defendant argues that "a defendant must have an ownership interest in the company the Plaintiffs seek to pierce the veil of," and cites Woods v. Commercial Contractors, Inc., 384 So.2d 1076 (Ala. 1980), for that proposition. (Doc. 11 at 17) However, in Woods, the court held it possible to pierce the corporate veil of not only the parent corporation and the individual owner of all the corporate entities, but the other related corporations owned by the same individual, where appropriate. Id, at 1079. "Whether Folmar was the alter ego of his numerous corporations is necessarily a question of fact." Id.

guarantee and promissory fraud based on his post-breach promises, none of defendants' arguments directly address the claim stated.  Defendants have offered no valid basis for dismissal.  If plaintiffs can prove that defendant Blossman made such promises to keep plaintiffs from seeking to cancel and/or enforce the lease, none of defendants' arguments preclude a finding of liability against him.  Based on the Iqbal directive, the court finds plaintiffs' allegations sufficient to state a claim under Fed. R. Civ. P. 12.

## Conclusion

Based on the foregoing, it is RECOMMENDED that Defendant Blossman's Motion to Dismiss be DENIED; and that the Motion of defendants CPB and Blossman Bancshares to Dismiss or for Summary Judgment be DENIED, provided, however, that defendants are granted leave to renew their request for summary judgment at the close of discovery.  The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 14th day of October, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.